BARRY, Judge,
dissenting.
A confidential informant’s identity will be divulged only under exceptional circumstances. The burden is upon the defendant and the trial court is vested with much discretion in deciding whether the circumstances warrant disclosure. State v. Oliver, 430 So.2d 650 (La.1983), cert, denied 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983).
There is no fixed rule as to what mandates disclosure. The public interest in protecting the flow of information must be balanced against the individual’s right to prepare his defense. Each determination depends upon “the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer’s testimony, and other' relevant factors.” Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639 (1957).
These facts are unusual and warrant further review. Unquestionably, the confidential informant was a prime participant in at least three buys and provided crucial information to the police. The defendant is entitled, under these facts, to full disclosure.
“Much discretion” is meaningless if we attempt to isolate the one transaction for which the defendant is charged. To do so is to ignore the reality of these facts.